IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **MIGUEL HINOJOSA #840997** | § | |
| | § | |
| **V.** | § | **A-07-CA-1016-SS** |
| | § | |
| **LIZ TRULY BURROSS, WALTER C.** | § | |
| **PRENTICE, and TEXAS COURT** | § | |
| **REPORTER'S CERTIFICATION** | § | |
| **BOARD** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Boyd Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Although Plaintiff's complaint is not clear, it appears he went to trial in July 1998. A jury found Plaintiff guilty of possessing more than four grams of cocaine. Hinojosa v. State, No. 03-99-00018-

Cr (Tex. App. – Austin 1999, no pet.). The district court assessed punishment, enhanced by previous felony convictions, at imprisonment for 40 years. Id. Plaintiff apparently contends he should have been sentenced by the jury instead of the judge.

According to Plaintiff, his attorney filed a motion for new trial on August 19, 1998, and a hearing was held on the motion on August 21, 1998. At the hearing, the trial judge appears to have testified that he recalled having the defendant come forward before the jury was brought in, explaining to the defendant the indictment in the case and punishment range, and informing the defendant of the right to have the jury assess punishment. The trial judge appears to have further testified that the defendant with his attorneys said they did not desire to go to the jury. Apparently, none of this was included in the transcript during trial. Plaintiff accuses the trial judge of committing aggravated perjury at the motion for new trial hearing.

On June 17, 2003, Plaintiff filed a complaint against Liz Burross, Court Reporter for the 299th Judicial District Court of Travis County, with the Texas Court Reporter's Certification Board. On July 11, 2003, Burross' attorney, Walter C. Prentice, filed a response on her behalf arguing the burden is on counsel to ensure the court reporter is present. According to Plaintiff, Burross was present along with defense counsel, but they refuse to provide the plaintiff with affidavits stating the trial judge committed aggravated perjury at the motion for new trial hearing. Plaintiff's complaint against Burross was dismissed by the Texas Court Reporter's Certification Board.

Plaintiff accuses Burross of conspiring with the trial judge and alternatively of gross negligence for failing to transcribe the judge's statement during trial. He further accuses Prentice of committing aggravated perjury in his response to the Texas Court Reporter's Certification Board.

Finally, he alleges the Board abused their discretion in dismissing his complaint against Burross. Plaintiff seeks $1,000,000.00 in damages.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

The Texas Court Reporter's Certification Board is protected by Eleventh Amendment Immunity, because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity

because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    Statute of Limitations

In addition, Plaintiff's claims are barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

Plaintiff's claims regarding his administrative complaint against Burross, Prentice's response to the complaint and the Board's dismissal of the complaint accrued in 2003. Plaintiff's claims regarding the alleged failure of Burross to properly transcribe a portion of his trial accrued no later than the date the hearing on the motion for new trial was held on August 21, 1998. Plaintiff did not execute his federal civil rights complaint until November 27, 2007, long after the limitations period had expired.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of January, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE